IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BRANDON CLARK, | § | |
| | § | |
| Defendant Below, | § | No. 145, 2025 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID Nos. N2405000515 |
| | § | N2406009737 |
| Appellee. | § | |

Submitted: September 25, 2025
Decided: October 16, 2025

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## ORDER

After consideration of the brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c), the State's response, and the Superior Court record, it appears to the Court that:

(1)     Through an investigation, law enforcement officers determined that the appellant, Brandon Clark, was selling drugs from a residence on Shady Drive in Newark.[1]  Officers obtained a search warrant for the residence on May 1, 2024. Officers who were conducting surveillance of the residence that day saw Clark, whose license was revoked, drive away from the residence in a vehicle bearing an

---

[1] Because Clark pleaded guilty, the factual background described in this order is drawn from the police reports and warrants that appear in the record and the transcript of the motion to suppress hearing.

unregistered license plate. A traffic stop was conducted, and a search incident to arrest revealed approximately 1.41 grams of crystal methamphetamine in Clark's pocket. Occupants of the home told officers that a truck that was parked in the driveway was Clark's and that there were bundles of heroin in a black lockbox in the truck. A K9 sniffed the vehicle and gave a positive indication for illegal drugs. Officers then obtained a search warrant for the truck; a subsequent search of the truck revealed more than six grams of bundled heroin in a lockbox on the floorboard under the steering wheel and a digital scale under the center console area. A grand jury indicted Clark for drug dealing heroin and other offenses in Criminal ID No. 2405000515 (the "Shady Drive case").

(2) While Clark was out on bail in the Shady Drive case, he was suspected of selling heroin from a motel where he had rented a room. Working with a confidential source, law enforcement officers organized a controlled purchase of heroin from Clark outside the motel on June 18, 2024. After the controlled purchase was completed, officers detained and searched Clark and found, among other drugs, twenty-three bags of heroin in two bundles. Clark told the officers that there were two women in the motel room. In order to secure the room and prevent the destruction of evidence, officers decided to conduct a "hit and hold," in which they entered the room, removed the women, and waited in the room until a warrant to search the room could be obtained. After obtaining a search warrant, they searched

2

the room; in a nightstand, they found a paper bag containing 280 bags of heroin. A grand jury indicted Clark for drug dealing heroin and other offenses in Criminal ID No. 2406009737 (the "motel case").

(3) Clark's counsel filed a motion to suppress in the motel case. After an evidentiary hearing, the Superior Court denied the motion on December 11, 2024, indicating that a written opinion would follow.

(4) On March 6, 2025, before the court issued its written opinion on the motion to suppress, Clark resolved both the motel case and the Shady Drive case by pleading guilty to two counts of drug dealing heroin mixed with fentanyl in a Tier 3 quantity.[2] The State agreed to dismiss the other charges in both cases. As to sentencing, the parties agreed to recommend two years and nine months of unsuspended prison time on each count, for a total of five years and six months of unsuspended prison time. The Superior Court sentenced Clark as follows: in the motel case, twenty-five years of imprisonment, with credit for twenty-two days previously served, suspended after four years for decreasing levels of supervision; in the Shady Drive case, twenty-five years of imprisonment, suspended after two years and nine months for one year of Level III probation with GPS monitoring.

(5) On appeal, Clark's counsel has filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Counsel asserts that, based upon a conscientious

---

[2] 16 *Del. C.* § 4752.

3

review of the record, the appeal is wholly without merit. In his statement filed under Rule 26(c), counsel indicates that he informed Clark of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw and the accompanying brief. Counsel also informed Clark of his right to supplement counsel's presentation. In his submission, Clark argues that the Superior Court erroneously denied his motion to suppress in the motel case. He also challenges the constitutionality of the search in the Shady Drive case. The State has responded to the Rule 26(c) brief and argues that the Superior Court's judgment should be affirmed.

(6) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must be satisfied that the appellant's counsel has made a conscientious examination of the record and the law for arguable claims.[3] This Court must also conduct its own review of the record and determine whether "the appeal is indeed so frivolous that it may be decided without an adversary presentation."[4]

(7) It is well settled that a knowing and voluntary guilty plea waives a defendant's right to challenge any errors occurring before the entry of the plea, even those of constitutional dimensions.[5] Clark does not challenge the validity of his

---

[3] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).
[4] *Penson*, 488 U.S. at 82.
[5] *Scarborough v. State*, 2015 WL 4606519, at *3 (Del. July 30, 2015).

guilty plea, and the record supports the conclusion that Clark knowingly, intelligently, and voluntarily pleaded guilty. He therefore waived the right to challenge the searches.[6] We have reviewed the record carefully and conclude that Clark's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Clark's counsel has made a conscientious effort to examine the record and has properly determined that Clark could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

---

[6] *See Burton v. State*, 2025 WL 1167188, at *2 (Del. Apr. 22, 2025) ("By knowingly, intelligently, and voluntarily pleading guilty, Burton waived the right to challenge the search or his arrest."); *Fonville v. State*, 2015 WL 5968251, at *2 (Del. Oct. 13, 2015) (holding that knowing, intelligent, and voluntary guilty plea waived right to challenge search warrant or search); *Robertson v. State*, 2008 WL 2232680, at *1 (Del. June 2, 2008) (considering argument that Superior Court erroneously denied motion to suppress evidence obtained from an administrative search, and concluding that "[b]y entering a knowing, intelligent, and voluntary guilty plea, . . . Robertson waived any right to challenge the constitutionality of the administrative search leading to his arrest").